

**ZACHARY W. CARTER**
*Corporation Counsel*

# THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**Carolyn K. Depoian**
Assistant Corporation Counsel
phone: (212) 356-2358
fax: (212) 356-3509
email: cdepoian@law.nyc.gov

September 4, 2015

**BY ECF**
Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>Jelani Henry v. The City of New York, et al.</u>, 15 Civ. 2491 (AT)

Your Honor:

      I am the Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to handle the defense of the above-referenced matter, which is currently designated for participation in the Southern District of New York's Plan for Certain Section 1983 Cases against the City of New York (the "§ 1983 Plan.")  The parties jointly write to respectfully request that the 1983 Plan designation under the Local Rules for the Southern District of New York be removed from this action, and that the Court schedule an initial conference to set a discovery schedule to advance this litigation.

      By way of background, plaintiff alleges, *inter alia*, that on April 10, 2012 he was falsely arrested in connection with a shooting that occurred in the vicinity of 2407 Eighth Avenue in New York on March 5, 2012.  Plaintiff was identified in a photo array and a lineup by an eyewitness to the shooting prior to his arrest. Plaintiff remained in police custody for approximately 18 months, after which time his criminal charges were dismissed.  Plaintiff also brings federal claims of malicious prosecution and denial of right to a fair trial pursuant to § 1983.

      The reason for this request is that after reviewing the case and participating in the limited discovery as contemplated by the § 1983 Plan, both parties have decided at this stage in the litigation, this matter is not suitable for settlement.  Communication with plaintiff's counsel indicates that the parties have widely divergent views on the potential value of the claims asserted, and therefore, the mediation required by the § 1983 Plan will not be useful in bringing the parties to a resolution of this matter.

- 2 -

        Should the Court grant the parties' request to opt out of the 1983 Plan, the parties respectfully request that the Court schedule an initial conference at a time convenient to the Court.

        I thank the Court in advance for its time and consideration.

        Respectfully submitted,

/s
Carolyn K. Depoian
Assistant Corporation Counsel
Special Federal Litigation Division

cc:    BY ECF
       Robert Soloway, Esq.
       *Attorney for Plaintiff*

       BY EMAIL
       Sarah Reid, Esq.
       *Assigned Mediator*